**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LAMONT JORDAN,                     :
                                  :   Civil Action No. 08-5855 (DRD)
            Plaintiff,            :
                                  :
                                  :
            v.                    :   **OPINION**
                                  :
EDISON CITY POLICE                :
DEPARTMENT, et al.,               :
                                  :
            Defendants.           :

**APPEARANCES:**

> LAMONT JORDAN, Plaintiff pro se
> #198529C
> Central Reception and Assignment Facility
> P.O. Box 7450, E-2-B
> West Trenton, New Jersey 08628

**DEBEVOISE,** District Judge

Plaintiff Lamont Jordan, currently a state inmate confined at the Central Reception and Assignment Facility ("CRAF") in West Trenton, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights under 42 U.S.C. § 1983.  Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim
upon which relief may be granted, or because it seeks monetary
relief from a defendant who is immune from such relief.  For the
reasons set forth below, the Court concludes that the Complaint
should proceed in part at this time.

I.  BACKGROUND

Plaintiff, Lamont Jordan ("Jordan"), brings this civil
rights action against the following defendants: the Edison Police
Department; Detective Jeffrey Abrams, Jr.; Patrolman Smith; and
Detective Todd Duffy.  (Complaint, Caption and ¶¶ 4b and c).  The
following factual allegations are taken from the Complaint, and
are accepted for purposes of this screening only.  The Court has
made no findings as to the veracity of plaintiff's allegations.

Jordan alleges that, on March 21, 2007, he was arrested by
numerous narcotics officers of the Edison Police Department while
he was at Lyle Place in Edison, New Jersey.  The officers had
conducted a search for narcotics at the address at Lyle Place,
pursuant to a search warrant, and based on their search found
drugs and arrested plaintiff.  Jordan claims that the search
warrant was obtained on false and fabricated information provided
by the named defendants.  (Compl., Statement of Facts
attachment).

In particular, Jordan quotes the affidavit of Det. Abrams,
who stated that he received information from a confidential

2

informant on January 28, 2007, about two individuals who were going to buy drugs from "Smooch."  Abrams and Det. Duffy set up a surveillance of the two individuals, and followed them to a place in Plainfield.  Both Abrams and Duffy observed Jordan, a/k/a "Smooch", exit a residence and engage in a hand to hand with one of the two individuals in the car they were driving.  The detectives followed the car back to Edison, where they conducted a motor vehicle stop.  The detectives found a hard rock substance on the console of the car, and took the two individuals into custody.  At police headquarters, one of the occupants of the car told Abrams that they had bought drugs from Smooch that day and on several prior occasions.  The person also said that Smooch carries a gun.  (Id.)

Based on this information, a search warrant was obtained. However, Jordan alleges that his investigation of the matter showed that there were three other people in the car, and that one of them said they had never bought drugs from Jordan.  Jordan also alleges that one of the occupants, Mark Kalkawski, had fabricated the story for the detectives for personal gain, namely, in exchange for having his bail dropped and being released on his own recognizance.  Jordan further alleges that Kalkawski said he was coerced by Abrams to say he bought the drugs found on the console from Smooch even though Kalkawski did not know who Smooch was.  (Id.)

3

Jordan states that he challenged the authenticity of the search warrant during his state criminal proceedings without success. He also tried to file charges against the defendants but was unable to get assistance from his attorney or the prosecutor. (Id.)

Jordan confirms that he was indicted on fourteen counts stemming from the allegedly unlawful search. It is not clear from the Complaint whether plaintiff has been convicted of the charges.

Jordan seeks $1 million in punitive damages, as well as return of all monies seized from him by the police on March 21, 2007. He also asks for a probable cause hearing on the issue of the search warrant.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Here, plaintiff is a prisoner who is

4

proceeding in forma pauperis, and he is asserting claims against government prison officials with respect to incidents occurring while he was confined at the Union County Jail.  Consequently, this action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because he is proceeding as an indigent, and under 28 U.S.C. § 1915A because he is a prisoner seeking redress from government officials and entities.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

In short, a pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2)(complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief").  See Erickson, 127 S.Ct. at 2200.  Thus, a complaint must plead facts sufficient at least to

5

"suggest" a basis for liability.  <u>Spruill v. Gillis</u>, 372 F.3d
218, 236 n. 12 (3d Cir. 2004).  "Specific facts are not
necessary; the statement need only 'give the defendant fair
notice of what the ... claim is and the grounds upon which it
rests."  <u>Erickson</u>, 127 S.Ct. at 2200 (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires more
> than labels and conclusions, and a formulaic recitation of
> the elements of a cause of action will not do, <u>see</u> <u>Papasan
> v. Allain</u>, 478 U.S. 265, 286 (1986)(on a motion to dismiss,
> courts "are not bound to accept as true a legal conclusion
> couched as a factual allegation").  Factual allegations must
> be enough to raise a right to relief above the speculation
> level. ...

<u>Bell v. Atlantic Corp. v. Twombly</u>, 550 U.S. ___, 127 S.Ct. 1955,
1964-65 (2007)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
Accordingly, a pro se prisoner plaintiff may allege only enough
factual matter (taken as true) to suggest the required elements
of the claim(s) asserted.  <u>Twombly</u>, <u>supra</u>; <u>Phillips v. Allegheny</u>,
515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis
either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319,
325 (1989) (interpreting the predecessor of § 1915(e)(2), the
former § 1915(d)).  The standard for evaluating whether a
complaint is "frivolous" is an objective one.  <u>Deutsch v. United
States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro</u> <u>se</u> complaint may be dismissed for failure to state a
claim only if it appears "'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle
him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v.</u>
<u>Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d
371, 373 (3d Cir. 1981).  However, where a complaint can be
remedied by an amendment, a district court may not dismiss the
complaint with prejudice, but must permit the amendment.  <u>Denton</u>
<u>v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d
229 (3d Cir. 2004)(complaint that satisfied notice pleading
requirement that it contain short, plain statement of the claim
but lacked sufficient detail to function as a guide to discovery
was not required to be dismissed for failure to state a claim;
district court should permit a curative amendment before
dismissing a complaint, unless an amendment would be futile or
inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103,
108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.
§ 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir.
2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v.</u>
<u>Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983
alleging violations of his civil rights guaranteed under the
United States Constitution.  Section 1983 provides in relevant
part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,

any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

A.   False Arrest Claim

First, this Court construes the allegations as asserting a claim of false arrest. A Section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures. Albright v. Oliver, 510 U.S. 266, 274 (1994). "An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983. In addition, 'where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest.'" O'Conner v. City of Philadelphia, 233 Fed. Appx. 161, 164 (3d Cir. 2007)(citations omitted). See also Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)(a false arrest is

an arrest made without probable cause); <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 636 (3d Cir. 1995)(where the police officer lacks probable cause to make an arrest, the arrestee has a Fourth Amendment claim for false imprisonment based on a detention pursuant to that arrest). Indeed, the United States Supreme Court recently noted that, "False arrest and false imprisonment overlap; the former is a species of the latter." <u>Wallace v. Kato</u>, 127 S.Ct. 1091, 1095 (2007).

To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. <u>Dowling</u>, 855 F.2d at 141. Thus, a defense to an unlawful arrest and false imprisonment claim is that the police officer defendants acted with probable cause. <u>Sharrar v. Felsing</u>, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); <u>Groman</u>, 47 F.3d at 636 ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment"). To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." <u>Lind v. Schmid</u>, 67 N.J. 255, 262 (1975). "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to

prove guilt beyond a reasonable doubt." <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." <u>Gerstein v. Pugh</u>, 420 U.S. 103, 111 (1975) (<i>quoting</i> <u>Beck v. State of Ohio</u>, 379 U.S. 89, 91 (1964)); <u>Sharrar v. Felsing</u>, 128 F.3d 810, 817 (3d Cir. 1997).[1]

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. <u>See</u> <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 (3d Cir. 1998); <u>Rose v. Bartle</u>, 871 F.2d 331, 348-51 (3d Cir. 1989). In this instance, Jordan's arrest occurred on March 21, 2007; therefore, his § 1983 claim for false arrest accrued at that time, making this action timely. <u>See also</u> <u>Wallace v. Kato</u>, 549 U.S. 384 (2007). Thus, an arrestee, like Jordan here, can file suit as soon as the allegedly wrongful arrest occurs. The limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is bound over by a magistrate or arraigned on criminal charges. <u>Wallace</u>, 549 U.S. at 389.

---

[1] A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. <u>Gatter v. Zappile</u>, 67 F. Supp. 2d 515, 519 (E.D.Pa. 1999), <u>aff'd</u>, 225 F.3d 648 (3d Cir. 2000).

Here, Jordan confirms that his arrest occurred after a search warrant was issued and drugs were found in the apartment where plaintiff was at the time.  Moreover, the search warrant was issued based on information given by persons arrested after a drug transaction was observed.  Jordan further confirms that an indictment was entered against him.  As stated above, a grand jury indictment is affirmative evidence of probable cause sufficient to defeat a claim of false arrest under § 1983.  <u>See</u> <u>Gatter</u>, 67 F. Supp. 2d at 519.  Therefore, as the allegations tend to show probable cause for plaintiff's arrest, based on the police surveillance and confidential information, the false arrest claim will be dismissed without prejudice for failure to state a claim at this time.

B.   <u>Unlawful Search and Seizure Claim</u>

Jordan principally alleges that the defendant police officers conducted an unlawful search and seizure on March 21, 2007, based on a false and fabricated search warrant.  This allegation may be construed as an illegal search claim in violation of the Fourth Amendment.  The Fourth Amendment protects individuals from unreasonable searches and seizure of their "persons, houses, papers, and effects... ."  U.S. Const. amend. IV.  The individual must show he had a reasonable expectation of privacy, and an expectation society would recognize as reasonable.  <u>Minnesota v. Carter</u>, 525 U.S. 83, 88 (1988).

Here, Jordan alleges that the Edison Police Department and
the detectives obtained a search warrant based on false and
fabricated information.  Specifically, plaintiff alleges that the
detectives ignored one of the occupants of the car who said he
did not know or buy drugs from plaintiff.  Further, the person
who accused Jordan later said he was coerced to do so by the
detectives, and that he did so only to get his bail dropped.  If
these allegations are true, then Jordan may be able to show facts
sufficient to suggest that there was no probable cause to support
the issuance of a search warrant, and that the search warrant was
obtained illegally.[2]

_____

[2]  Challenges to the validity of a search warrant based on
allegations that the accompanying affidavit contains material
false statements are governed by Franks v. Delaware, 438 U.S. 154
(1978).  Where a magistrate has issued a warrant, the supporting
affidavit is entitled to a presumption of validity.  Id. at 171.
The party disputing the veracity of the warrant application can
challenge the validity of the warrant by making a substantial
preliminary showing that the affiant deliberately or recklessly
included in the underlying affidavit falsehoods concerning
material facts necessary to the determination of probable cause.
Id. at 155-56.  If the defendant establishes falsity by a
preponderance of the evidence, the false statements will be
stricken from the affidavit and the court will determine whether
the information remaining in the affidavit is sufficient to
support a finding of probable cause.  Id.  Courts have employed
the Franks analysis in § 1983 claims for Fourth Amendment
violations.  Jones v. Town of Seaford, Del., 661 F. Supp. 864,
873 (D. Del. 1987)(citing Krohn v. United States, 742 F.2d 24, 26
(1st Cir. 1984)).

Here, Jordan alleges that he has not had an opportunity to
contest the validity of the search warrant in his state criminal
proceeding.  The proper venue in which to challenge the basis for
the warrant is the state criminal proceeding if it is still
ongoing.  See Younger v. Harris, 401 U.S. 37 (1971)(a federal
court generally will not intercede to consider issues that the
plaintiff has the opportunity to raise before the state court).
It is plain from plaintiff's allegations that his criminal

The problem with allowing plaintiff's illegal search and seizure claim to proceed at this time involves the issue of prematurity.  In <u>Heck v. Humphrey</u>, the Supreme Court held that a § 1983 claim that would imply that an arrest or conviction was invalid was not cognizable until the charges underlying the arrest or conviction were resolved in the plaintiff's favor.  512 U.S. 477, 487 (1994).  The United States Court of Appeals for the Third Circuit later held that "[i]n terms of the conflicts which <u>Heck</u> sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.  Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983."  <u>Smith v. Holtz</u>, 87 F.3d 108, 113 (3d Cir. 1996).

Some years later, in <u>Gibson v. Superintendent of New Jersey Department of Law and Public Safety</u>, 411 F.3d 427 (3d Cir. 2005), the Third Circuit noted that "in some cases Fourth Amendment claims for false arrest begin to accrue at the time of arrest,

_____

proceeding is still ongoing.  However, while this Court does not make any determinations as to the merit of plaintiff's claim at this time, the Court does note that the police officers already had observed plaintiff during their surveillance of the drug transaction before they stopped the vehicle and before they obtained the warrant to search the apartment where plaintiff was later arrested.

not when the conviction is overturned." 411 F.3d at 450. This occurs when the false arrest claim will not necessarily undermine the criminal conviction or sentence. Id. The Third Circuit further noted that "Heck does not set forth a categorical rule that all Fourth Amendment claims accrue at the time of the violation." Id. Rather, the Third Circuit determined that each case must be subjected to a fact-based analysis. In Gibson, the court held that plaintiff's Fourth Amendment claims, involving issues of an unlawful search and seizure, were not cognizable and did not accrue until Gibson's conviction was invalidated in April 2002. Id. at 452.

Recently, however, in Wallace, supra, the Supreme Court held that certain Fourth Amendment claims accrue at the time of the constitutional violation, regardless of the procedural burden Heck places on the resolution of such claims. The Supreme Court characterized Heck as delaying "what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." Wallace, 549 U.S. at 393. With respect to false arrest cases, the Supreme Court held that in order to defer accrual of the claim, it would need to extend the Heck principle to state "that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside." Id. (emphasis in original). Finding such a principle to be impracticable, the Court held that it was "not disposed to embrace this bizarre extension of Heck." Id.

14

Based on the Supreme Court's language in <u>Wallace</u>, it would appear that <u>Wallace</u> effectively supersedes the Third Circuit's reasoning in <u>Gibson</u>, <u>supra</u>, and that <u>Heck</u> is inapplicable here, <u>see Gibson v. Superintendent of New Jersey Department of Law and Public Safety</u>, 2007 WL 1038920 (D.N.J. Mar. 29, 2007)(RBK), and that <u>Smith v. Holtz</u> likewise is abrogated by <u>Wallace</u>.  <u>See Snyder v. Decker</u>, 2007 WL 2616993 (W.D. Pa. Sept. 6, 2007).

Thus, under <u>Wallace</u>, any Fourth Amendment claim must be brought and, in all likelihood, stayed pending resolution of the underlying charges.  <u>Wallace</u>, 549 U.S. at 393-95.  In the event of a conviction on the underlying charges, the stay may extend for years while post-conviction relief is sought.  <u>Id</u>. at 395.  This is not an ideal situation because of the potential to clog the court's docket with unresolvable cases.  However, in this case, there does not appear to be any clear basis to <u>sua</u> <u>sponte</u> dismiss the illegal search and seizure claim on the merits at this preliminary stage, especially where it appears that the issue of the validity of the search warrant has not been fully litigated in Jordan's state criminal proceedings.  Therefore, this Court is constrained to allow this claim to proceed, but stay the action until plaintiff's criminal proceedings are concluded.

## V.  CONCLUSION

Therefore, for the reasons set forth above, plaintiff's claim of false arrest in violation of the Fourth Amendment will be dismissed without prejudice as against all named defendants,

15

for failure to state a claim at this time, pursuant to 28 U.S.C.
§§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, plaintiff's
unlawful search and seizure claim will be allowed to proceed at
this time.  An appropriate order follows.


                                    **_s/ Dickinson R. Debevoise_**
                                    DICKINSON R. DEBEVOISE
                                    United States District Judge
Dated: March 4, 2009


                                    16